UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHADRICK JAMES and Wife, KIMBERLY JONES,<br><br>      Plaintiffs,<br><br>v.<br><br>EASTMAN CHEMICAL COMPANY, a Delaware Corporation; EASTMAN CHEMICAL FINANCIAL CORPORATION, a Delaware Corporation; EASTMAN CHEMICAL LTD., a New York Corporation; EASTMAN INTERNATIONAL MANAGEMENT COMPANY, a Tennessee Corporation; and EASTMAN SPECIALTIES CORPORATION, a Delaware Corporation,<br><br>      Defendants. | Case No.: _____<br><br>**<u>JURY DEMANDED</u>** |

**<u>COMPLAINT</u>**

Plaintiffs Chadrick James and Kimberly Jones bring this Complaint against EASTMAN CHEMICAL COMPANY, a Delaware Corporation; EASTMAN CHEMICAL FINANCIAL CORPORATION, a Delaware Corporation; EASTMAN CHEMICAL LTD., a New York Corporation; EASTMAN INTERNATIONAL MANAGEMENT COMPANY, a Tennessee Corporation; and EASTMAN SPECIALTIES CORPORATION, a Delaware Corporation, for personal injuries and damages suffered by Plaintiffs as a result of a strike to Plaintiff Chadrick James' person by an industrial pipe negligently loaded onto his truck by Defendants. The following allegations are based upon investigation by Plaintiffs' counsel and upon personal knowledge as to Plaintiffs' own facts.

# I. PARTIES

1. Plaintiff Chadrick James is a resident and citizen of East Baton Rouge Parish residing at 4233 Amerest Avenue, Baker, Louisiana 70714. On May 7, 2020, Plaintiff Chadrick James was driving a flatbed truck and retrieving load of industrial pipe from Eastman Chemical Company in Kingsport, Tennessee. Plaintiff Chadrick James suffered substantial and painful injuries and hospitalization resulting in the amputation of his right leg after he was struck by a fallen industrial pipe negligently loaded onto his truck.

2. Plaintiff Kimberly Jones is a resident and citizen of East Baton Rouge Parish residing at 4233 Amerest Avenue, Baker, Louisiana 70714. On the date relevant herein, Plaintiff Kimberly Jones was and is the lawful spouse of the Plaintiff Chadrick James. Due to the negligence of the Defendants in physical injury to her husband, Plaintiff Chadrick James, the Plaintiff Kimberly Jones brings her claim for loss of consortium against the Defendants.

3. Upon information and belief, Defendant Eastman Chemical Company is a Delaware for-profit corporation with its principal place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37660-5147. Its registered agent is United Agent Group Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522. It is in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, industrial pipes, and other products.

4. Upon information and belief, Defendant Eastman Chemical Financial Corporation is a Delaware for-profit corporation with its principal place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37660-5147. Its registered agent is United Agent Group Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522. It is in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, industrial pipes, and other products.

5. Upon information and belief, Defendant Eastman Chemical Ltd. is a New York for-profit corporation with its principal place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37660-5147. Its registered agent is United Agent Group Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522 USA. It is in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, industrial pipes, and other products.

6. Upon information and belief, Defendant Eastman International Management Company is a Tennessee for-profit corporation with its principal place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37660-5147. Its registered agent is United Agent Group Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522. It is in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, industrial pipes, and other products.

7. Upon information and belief, Defendant Eastman Specialties Corporation is a Delaware for-profit corporation with its principal place of business located at 10380 Worton Road, Chestertown, Maryland 21620-3500. Its registered agent is United Agent Group Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522. It is in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, industrial pipes, and other products.

8. Defendants Eastman Chemical Financial Corporation, Eastman Chemical Financial Corporation, Eastman Chemical Ltd., Eastman International Management Company, and Eastman Specialties Corporation, are collectively the "Defendants."

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1). The amount in controversy in this action exceeds $75,000.00 exclusive of interest and

costs and Plaintiffs are citizens of a state other than where the Defendants were formed and have their principal places of business.

10. This Court may exercise jurisdiction over the Defendants because they do substantial business in this State and within this District, receive substantial revenues from their manufacturing, marketing, distribution, sales, and transportation of their chemicals, fibers, plastics materials, and industrial pipes in this District, and have engaged in the unlawful practices described in this Complaint in this District, so as to subject them to personal jurisdiction in this District, thus rendering the exercise of jurisdiction by this Court proper and necessary. The Defendants have continuous and systematic contacts with this District through their manufacture, marketing, distribution, and of their chemicals, fibers, plastics materials, and industrial pipes in Tennessee.

11. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### III. **FACTUAL ALLEGATIONS**

12. The Defendants are engaged in the business of manufacturing, marketing, distributing, and selling chemicals, fibers, plastics materials, and industrial pipes in Tennessee. As a part of their business, the Defendants produce and ship their materials including industrial pipes to their customers from their many warehouses, including the warehouse located in Kingsport, Tennessee.

13. As a part of their business, the Defendants and/or their agents arrange for the transportation of their materials including industrial pipes through contractual agreements with transportation services such as the Landstar System, Inc.

14. As a part of their business, the Defendants hire employees and independent contractors such as forklift operators to transfer and load their materials including industrial pipes from within their manufacturing facilities and warehouses into the trucks provided by transportation companies for delivery to their customers.

15. Landstar System, Inc. is engaged in the business of transportation services and third-party logistics in Tennessee. As a part of their business, Landstar System, Inc. enters into contractual agreements with third parties including manufacturers such as the Defendants to transport various materials including industrial pipes.

16. As a part of their business, Landstar System, Inc. hires independent contractors such as Plaintiff Chadrick James to drive trucks to the manufacturing sites and warehouses of third parties such as the Defendants to pick up materials including industrial pipes and deliver said materials to the third party's customers.

17. On or about May 7, 2020, the Defendants used the services of Landstar System, Inc. to transport industrial pipes manufactured, marketed distributed and sold by the Defendants from their warehouse located at 1795 Buckles Dr, Kingsport, Tennessee 37660 to Turner Industries located at 1700 S Westport Drive, Port Allen, Louisiana 70767.

18. On or about May 7, 2020, Plaintiff Chadrick James was dispatched through the Landstar System, Inc. to transport industrial pipes manufactured, marketed, distributed, and sold by the Defendants from their warehouse located at 1795 Buckles Dr, Kingsport, Tennessee 37660 ("the loading area") to Turner Industries located at 1700 S Westport Drive, Port Allen, Louisiana 70767.

19. At or around 12:00 P.M. on May 7, 2020, Plaintiff Chadrick James arrived at the loading area. Plaintiff Chadrick James was told by employees and agents of the Defendants to back his truck up to industrial pipes in order for the pipes to be loaded with a forklift.

20. Plaintiff Chadrick James was told by the forklift operator working as an employee and/or agent of the Defendants to stand on the back of the flatbed truck while the forklift operator loaded the pipes onto the truck. The forklift operator was acting in the course and scope of his employment at all relevant times to this action. The pipes were negligently loaded onto the truck by the Defendants' employee and/or agent, were not properly secured by said employee, and were not stable so as to prevent them from rolling off of the truck during the loading process.

21. When the forklift operator working as an employee and/or agent of the Defendants dropped the first load, including two industrial pipes, onto the flatbed, both negligently loaded pipes rolled off of the truck and onto the floor. One of the two pipes rolled toward the Plaintiff Chadrick James, struck his foot, pushed him to the floor, and fell on top of him, severely injuring him, and ultimately, resulting in the amputation of his lower right leg.

22. Because the employees and/or agents of the Defendants were acting in the course and scope of their employment during the above-described incident, under the doctrines of imputed negligence, vicarious liability, and *respondeat superior*, the Defendants are vicariously liable for their employees and/or agents' conduct. The Defendants are liable for any and all negligent acts and/or omissions committed by the forklift operator working at the Defendants' warehouse and all accompanying damages.

23. On or around 3:30 P.M. on May 7, 2020, Plaintiff Chadrick James was transported by ambulance to Holston Valley Medical Center where he was admitted to the Emergency Department with severe injuries to his right foot including multiple open fractures and dislocations

and exposed tendon and bone with large tissue laceration. Subsequently, the Plaintiff Chadrick James underwent incision and drainage surgery and application of an external fixation device.

24. On May 8, 2020, Plaintiff Chadrick James was informed that he had suffered significant bone loss and large soft tissue loss and thus, the amputation of his lower right leg was necessary.

25. On May 9, 2020, Plaintiff Chadrick James underwent amputation surgery resulting in the removal of his lower right leg. Plaintiff Chadrick James remained at Holston Valley Medical Center from Sunday, May 8, 2020 to Wednesday, May 13, 2020, to recover from amputation surgery.

26. Plaintiff Chadrick James was eventually discharged on May 13, 2020 and transported via ambulance from Holston Valley Medical Center in Kingsport, Tennessee to his home in Baton Rouge, Louisiana. Thereafter, Plaintiff Chadrick James received and continues to receive further necessary treatment for his injury by an orthopedic surgeon, a physical therapist, and his primary care physician.

27. Plaintiff Chadrick James' injury and amputation of his leg was directly caused by the negligent actions of the employees and agents of the Defendants.

28. The Defendants' employees, agents, and assigns knew or should have known of the serious danger(s) and safety risk(s) involved in telling, asking, and/or allowing Plaintiff Chadrick James to assist in the loading of industrial pipe despite his lack of training, experience, and duty to do so, but chose to ignore the risk of serious harm to him.

29. As a result of Defendants' conduct, Plaintiff Chadrick James suffered damages, including but not limited to: (a) past, present and future medical expenses; (b) pain, suffering, anxiety, stress, depression, fright, shock, and physical harm, including but not limited to,

amputation of his right leg; (c) lost wages; (d) loss of enjoyment of life and ability to engage in his pre-injury activities; and (e) permanent injury.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29.

31. At all relevant times, Defendants and their agents, employees, and assigns, owed Plaintiff Chadrick James a duty to, among other things:

   a. Exercise reasonable care with respect to the procedures for loading their products including industrial pipes onto vehicles for transportation and delivery including the flatbed truck driven by Plaintiff Chadrick James.

   b. Exercise reasonable care to ensure their products including industrial pipes were handled by their employees and agents responsible for the loading process so as to avoid unreasonable risks of harm to the drivers of vehicles for transportation and delivery including Plaintiff Chadrick James.

32. Defendants' conduct described herein was in direct breach of these duties.

33. Defendants' breaches of their duties were the cause in fact and proximate cause of Plaintiff Chadrick James' injuries and damages. Defendants' breaches were reckless, and the harm caused was easily foreseeable.

34. Defendants knew, or in the exercise of reasonable care should have known, that telling, asking, and/or allowing Plaintiff Chadrick James to help guide the loading of industrial pipe despite his lack of training, experience, and duty to do so created an unreasonable safety risk.

35. The acts and omissions of the Defendants, and their agents, employees, and assigns, constitute negligence because they reflect a total lack of care and an extreme departure from what a reasonably careful person would do in the same situation to prevent foreseeable harm to persons like Plaintiff Chadrick James.

36. Defendants' acts and/or omissions were willful and reflect a conscious and reckless disregard for the rights and interests of Plaintiff Chadrick James. Defendants' acts and omissions had a great probability of causing significant harm and, in fact, resulted in such harm.

37. As a result of Defendants' negligence, Plaintiff Chadrick James was harmed in the manner described herein. Defendants' negligence directly and proximately caused Plaintiff Chadrick James' injuries and he is entitled to all damages and future damages in an amount to be determined at trial.

38. Plaintiff Chadrick James did nothing whatsoever to cause or to contribute to his injuries. Under the principles of modified comparative fault as adopted by the State of Tennessee, no fault may be assessed to him.

39. Alternatively, Plaintiff Chadrick James' claims are not barred because any fault that may be apportioned to him constitutes less than 50 percent of the proximate cause or cause in fact of his injuries alleged in this Complaint. Accordingly, recovery by Plaintiff Chadrick James should only be reduced and apportioned, if at all, in accordance with the percentage of fault attributed to his own acts or omissions, if any.

40. Upon information and belief, at the time of Plaintiff Chadrick James' injury, the employees and agents of the Defendants who told, asked, and/or allowed him to help guide the loading of industrial pipe, were acting within the authority, scope, and/or capacity of their agency

relationships with the Defendants as employees, independent contractors, and/or agents responsible for the loading process.

41. Currently, and at the time of Plaintiff Chadrick James' injury, the Defendants are and were responsible for organizing, directing, scheduling, and controlling the overall process and procedures followed by their employees, independent contractors, and/or agents for the loading of their products for transporting and delivery at their warehouse in Kingston, Tennessee.

42. As a result of this agency or master-servant relationship, the Defendants are liable to Plaintiff Chadrick James, under the doctrine and theories of agency, vicarious liability, imputed negligence, and *respondent superior*, for the acts and/or omissions of the employees and agents who negligently loaded and failed to properly secure the industrial pipe onto Plaintiff Chadrick James' truck and who negligently told, asked, and/or allowed Plaintiff Chadrick James to assist in the loading process.

### COUNT II – RES IPSA LOQUITUR

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 42.

44. Defendants, by and through their agents and/or employees, were solely responsible for loading and securing the industrial pipes onto Plaintiff Chadrick James' truck and for the safety and protection of the persons in the loading area including Plaintiff Chadrick James.

45. The loading area was under the exclusive management and control of the Defendants, their agents and/or employees.

46. Plaintiff Chadrick James' injuries would not have occurred in the ordinary course of events if the Defendants had used reasonable care in operating and maintaining their loading area.

47. Plaintiff Chadrick James' actions did not cause the loading area to become unsafe. Further, he did not cause the industrial pipe to strike his person.

48. Plaintiff Chadrick James' actions in no way contributed to his injuries.

49. Plaintiff Chadrick James sustained damages as set forth in the preceding paragraphs and the Defendants are responsible pursuant to the doctrine of *res ipsa loquitur*.

### COUNT III – LOSS OF CONSORTIUM

50. Plaintiff Kimberly Jones incorporates all claims herein by reference verbatim and additionally asserts her claims for loss of consortium, time, monies, and the like, along with the following Prayer for Relief.

51. Plaintiff Kimberly Jones is and was on the date relevant herein, the lawful spouse of the Plaintiff Chadrick James, and that due to the negligence of the Defendants in physical injury to Chadrick James, the Plaintiff Kimberly Jones has been deprived of the services, assistance, aid, society, and companionship of her husband Chadrick James.

52. Plaintiff Kimberly Jones is entitled to recover such damages commonly referred to collectively as "loss of consortium."

53. The Plaintiffs reserve the right to amend the pleadings as justice requires.

### IV. PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter an Order:

A. Finding Defendants' conduct was negligent and unlawful as described herein;

B. Awarding Plaintiffs actual, compensatory, and consequential damages;

C. Awarding Plaintiffs penalties as allowed by law;

D. Awarding Plaintiffs punitive damages as allowed by law;

E. Awarding Plaintiffs restitution;

F. Awarding Plaintiffs damages for future medical expenses;

G. Awarding Plaintiffs reasonable attorneys' fees, costs and expenses; and

H. Granting such further relief as the Court deems just and proper.

## V. **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all claims so triable, this 28th day of April, 2021.

RESPECTFULLY SUBMITTED:

*/s/ Louis W. Ringger, III*
Louis W. Ringger, III (TN Bar No.33647)
**GREG COLEMAN LAW**
*Attorneys for Plaintiffs*
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
E: *billy@gregcolemanlaw.com*